UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHERMAINE CARROLL,<br><br>                      Plaintiff,<br><br>v.<br><br>ANDREW SAUL[1],<br>Acting Commissioner of Social Security,<br><br>                      Defendant. | 2:17-cv-02237-MMD-CLB<br><br><br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[2] |

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Shermaine Carroll's ("Carroll") application for disability insurance benefits and supplemental security income payments pursuant to Titles II and XVI of the Social Security Act. Currently pending before the Court is Carroll's motion for reversal or remand. (ECF No. 13.) In this motion, Carroll seeks the reversal of the administrative decision and remand for an award of benefits. (*Id.*) The Commissioner filed a response and cross-motion to affirm (ECF No. 26/27), and Carroll filed a reply (ECF No. 28). For the reasons set forth herein, the Court recommends that Carroll's motion for remand, (ECF No. 13), be denied, and the Commissioner's cross-motion to affirm, (ECF No. 26), be granted.

**I.    STANDARDS OF REVIEW**

    A.    <u>Judicial Standard of Review</u>

This Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854

---

[1]    Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1  (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of
2  the Commissioner of Social Security made after a hearing to which he was a party,
3  irrespective of the amount in controversy, may obtain a review of such decision by a civil
4  action ... brought in the district court of the United States for the judicial district in which
5  the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record,
6  a judgment affirming, modifying, or reversing the decision of the Commissioner of Social
7  Security, with or without remanding the cause for a rehearing." *Id.*

8        The Court must affirm an Administrative Law Judge's ("ALJ") determination if it is
9  based on proper legal standards and the findings are supported by substantial evidence
10 in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006);
11 *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any
12 fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is
13 more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d
14 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means
15 such relevant evidence as a reasonable mind might accept as adequate to support a
16 conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842
17 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83
18 L.Ed. 126 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

19       To determine whether substantial evidence exists, the Court must look at the
20 administrative record as a whole, weighing both the evidence that supports and
21 undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995)
22 (citation omitted). Under the substantial evidence test, a court must uphold the
23 Commissioner's findings if they are supported by inferences reasonably drawn from the
24 record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).
25 "However, if evidence is susceptible of more than one rational interpretation, the decision
26 of the ALJ must be upheld." *Shalala,* 50 F.3d at 749 (citation omitted). The ALJ alone is
27 responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172
28 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B.  Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or

combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.1 If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in

accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

After making the RFC determination, the ALJ must then turn to step four in order to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to bear the burden of proving disability at this step, a limited evidentiary burden shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.   CASE BACKGROUND**

  A.   Procedural History

Carroll applied for disability insurance benefits ("DBI") and supplemental security income ("SSI") on June 6, 2014 with an alleged disability onset date of November 6, 2013. (Administrative Record ("AR") 149-152.) The application was denied initially (AR 102-106), and on reconsideration. (AR 108-117.) Carroll subsequently requested an administrative hearing. (AR 118.)

On May 10, 2016 Carroll appeared at a hearing before an Administrative Law Judge ("ALJ"). (AR 32-68.) A vocational expert ("VE"), also appeared at the hearing. (*Id.*) The ALJ issued a written decision on June 15, 2016, finding that Carroll was not disabled because she could perform work existing in significant numbers in the national economy. (AR 17-31.) Carroll appealed, and the Appeals Council denied review on June 20, 2017. (*Id.* at 1-5.) Accordingly, the ALJ's decision became the final decision of the Commissioner. Having exhausted all administrative remedies, Carroll filed a complaint for judicial review on August 22, 2017. (ECF No. 1-1.)

B.  ALJ's Decision

In the written decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 17-31.) Ultimately, the ALJ disagreed that Carroll had been disabled from November 6, 2013, the date the application was filed. (*Id.* at 27.) The ALJ held that, based on Carroll's RFC, age, education, and work experience, there were jobs in the national economy that she could perform. (*Id.* at 26-27.)

In making this determination, the ALJ started at step one. Here, the ALJ found Carroll had not engaged in substantial gainful activity since the application date of November 6, 2013. (*Id.* at 22.) At step two, the ALJ found Carroll had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, and peripheral neuropathy. (*Id.*) At step three, the ALJ found Carroll did not have an impairment or combination of impairments that either met or medically equaled the severity of those impairments listed in 20 C.F.R. Part 404, Subpart P, Appx. 1; 20 C.F.R. §§ 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (*Id.* at 23.)

Next, the ALJ determined Carroll had an RFC to perform light work, as defined by 20 C.F.R. § 416.967(b) specifically as follows: she could occasionally climb ramps and stairs, but she could not climb ladders, ropes, or scaffolds. (*Id.* at 23-25.) According to the ALJ's RFC determination, Carroll was capable of occasional balancing, stooping, kneeling, crouching, and crawling. (*Id.*) She is able to occasionally reach overhead and

1 perform gross handling with left upper extremity, occasionally finger with right hand and frequently finger with right hand.³ (*Id.*) Additionally, she needed to avoid unprotected heights. (*Id.*)

The ALJ found Carroll's impairments could reasonably be expected to cause some of the symptoms alleged, but that her statements regarding the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (*Id.* at 25.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and factors weighing against Carroll's credibility. (*Id.* at 23-25.) The ALJ then determined that Carroll was unable to perform any past relevant work. (*Id.* at 25-26.)

Proceeding to step five, and relying on the testimony of the VE, the ALJ determined that Carroll's age, education, work experience, and RFC would allow her to perform occupations existing in significant numbers in the national economy, such as: medical receptionist, credit authorizer, or information clerk. (*Id.* at 26-27.) Accordingly, the ALJ held that Carroll had not been under a disability since November 6, 2013 and denied her SSI claim. (*Id.* at 27.)

**III.   ISSUES**

Carroll seeks judicial review of the Commissioner's final decision denying her DBI and SSI under Titles II and XVI of the Social Security Act. (ECF No. 13.) Carroll raises the following issues for this Court's review:

1. Whether the ALJ properly rejected the treating physician, Dr. Galvin's, opinion; and

2. Whether the ALJ propounded a complete hypothetical question to the vocational expert.

//

//

---

³ The ALJ's finding that Carroll can "occasionally finger with right hand and frequently finger with right hand" appears to be a scrivener's error.

## IV. DISCUSSION

### A. Dr. Galvin's Opinion

Carroll argues the ALJ failed to articulate specific and legitimate reasons for rejecting the opinion of Carroll's treating physician, Dr. Galvin. (ECF No. 13 at 7-10.)

Within the administrative record, an ALJ may encounter medical opinions from the three types of physicians: treating, examining, and non-examining. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Holohan v. Massanari*, 246 F.3d 1195, 1201-1202 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. *Holohan*, 246 F.3d at 1202. Moreover, a treating physician's opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in [a claimant's] case record," is entitled to controlling weight. 20 C.F.R. §§ 401.1527(c)(2), 416.927(c)(2); *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014). The ALJ is not, however, bound by the conclusions of any particular physician.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the Court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821- 830-31 (9th Cir. 1995). In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons. *Id.* at 830. The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and the conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1991) (citation omitted). "The ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278

F.3d 947, 957 (9th Cir. 2002); *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Treating physicians may also offer an opinion on the ultimate issue of disability, but as such it is not a "medical opinion." 20 C.F.R. §§ 404.152(d)(1) ("ultimate issue" opinions include those that a claimant is "'disabled' or 'unable to work'"), 416.927(d)(1); *Reddick*, 157 F.3d at 725 ("[i]n disability benefits cases such as this, physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work"). Therefore, a treating physician's statement on the ultimate issue of disability, an issue reserved to the Commissioner, is not binding on the ALJ or entitled to special weight. 20 C.F.R. §§ 404.1527(d)(3) (the Commissioner is not required to give "any special significance" to opinions on the ultimate issue of disability), 416.927(d)(3); *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) ("[t]he law reserves the disability determination to the Commissioner").

The ALJ assigned little weight to the opinion of Dr. Galvin. (AR 25.) Although Carroll argues the ALJ erred by failing to articulate a legally sufficient reason for doing so, (ECF No. 13 at 7-10), the Court finds the ALJ provided a "specific and legitimate reason" supported by "substantial evidence" for assigning little weight to Dr. Galvin's opinion. *See Lester*, 81 F.3d at 830.

Dr. Galvin's opinion consisted of a one-page form (Attending Physician's Supplemental Statement) and a one-paragraph letter. (AR 444, 372.) The ALJ discounted Dr. Galvin's opinion because the form and the letter were conclusory in nature and not well supported by the other medical evidence in the record. In making this determination, the ALJ found that Dr. Galvin's findings that Carroll "cannot work," "is disabled" or "is unemployable" were not given controlling weight or given special significance as the determination of disability under the SSA is reserved to the Commissioner. (AR 25.)

The ALJ detailed the medical evidence and clinical findings from 2013 through the date of the hearing and then evaluated medical opinions based on whether they were

9

1 consistent with the medical record. (AR 23-25.) The ALJ described the medical evidence and determined that the medical record did not support the limitations identified by Dr. Galvin. (*Id.*)

"[A]n ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The one-page form is conclusory and does not cite any record or provide any objective medical opinions. Further, Dr. Galvin's written letter is merely four sentences long, does not cite any records, and remarks that Carroll "is unable to work" due to a chronic injury to her neck and left arm. (AR 372.) Dr. Galvin fails to specify what Carroll is able or unable to do, and the ultimate determination of disability is "an issue reserved to the Commissioner." 20 C.F.R. §§ 404.1527(d)(3). Accordingly, the Court finds the ALJ articulated specific and legitimate reasons based on substantial evidence for assigning little weight to the opinion of Dr. Galvin.

B.  Hypothetical to the Vocational Expert

Carroll argues the ALJ failed to ask the VE hypothetical questions that included all of her limitations. (ECF No. 13 at 11-13.) During the hearing, the ALJ asked the VE the following hypothetical:

> I'd like you to assume for my first hypothetical maximum lift and carry 20 pounds occasionally and only 10 pounds frequently. Ten pounds is a gallon of milk which weighs about 8.8 pounds. And I'm going to have posturals (sic) would be on an occasional basis; stand, sit, walk each six of eight with the normal breaks throughout the day; and I would not have her -ladders, ropes, or scaffolds using hands to climb or work at unprotected heights or dangerous moving machinery.
>
> In addition to that for this first hypothetical, <u>left overhead with the left hand would only be occasional, not frequent, not constant; left upper extremity would be gross handling occasionally</u>; bilateral fingering, feeling, feeling frequent left right constant for this hypothetical. And at this time, I have no non-exertional limitations.

(AR 57-58)(emphasis added).

The ALJ's RFC findings assess that Carroll can "occasionally finger with right hand and frequently finger with right hand" (AR 23), which is obviously a scrivener's error, but

10

1  Carroll argues that the ALJ's intent is unclear. (ECF No. 13 at 12.) Carroll argues that if
2  one were to assume the former referred to occasional fingering with the left hand, based
3  on evidence showing Carroll's problems being greater on the left, than the ALJ's RFC
4  findings would be more limiting than the hypothetical questions asked by the ALJ to the
5  VE. (*Id.* at 12-13.)

6        The evidence in the record does not support Carroll's assertion. Contrary to
7  Carroll's assertion, the ALJ included occasional overhead reaching and gross handling
8  with the left upper extremity in both the RFC finding and the hypothetical (*See* AR 23, 58-
9  59). Additionally, Carroll does not identify why she could not perform the jobs identified
10 by the VE. Further, to the extent the ALJ's RFC finding erroneously omitted Carroll's
11 postural limitations, any error is harmless. *See Stubbs-Danielson v. Astrue*, 539 F.3d
12 1169, 1174 (9th Cir. 2008). Accordingly, the Court finds that the ALJ properly relied on
13 the VE's testimony to determine that Carroll was not disabled as she could perform jobs
14 that existed in significant numbers in the national economy.

15 **V.    CONCLUSION**

16       Based on the foregoing, the Court recommends that Carroll's motion to remand
17 (ECF No. 13) be denied, and the Commissioner's cross-motion to affirm (ECF No. 26) be
18 granted.

19       1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may
20 file specific written objections to this Report and Recommendation within fourteen days of
21 receipt. These objections should be entitled "Objections to Magistrate Judge's Report and
22 Recommendation" and should be accompanied by points and authorities for consideration
23 by the District Court.

24       2.    This Report and Recommendation is not an appealable order and any notice
25 of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District
26 Court's judgment.

## VI. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Carroll's motion for remand (ECF No. 13) be **DENIED**, and the Commissioner's cross-motion to affirm (ECF No. 26) be **GRANTED**.

**DATED**: December 23, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**